AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DIST

for the

Western District of Mi

**FILED - ESC**

December 10, 2010 2:50 PM

TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __CBH__ / _____ 2/ /2-/5-/0

United States of America )
v. )
TROY LAMAR WALKER )
)   Case No. 1:10-MJ- 667
)
)
_____ )
Defendant(s)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  12/1/2010 _____  in the county of  INGHAM _____ in the

WESTERN _____  District of  MICHIGAN _____ , the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 18 U.S.C. 2250 | FAILURE TO REGISTER AS A SEX OFFENDER |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

✓ Continued on the attached sheet.

_____
Complainant's signature

Joseph A. Guzman-Deputy U.S. Marshal
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  12/10/2010 _____

_____
Judge's signature

City and state: GRAND RAPIDS, MICHIGAN _____

Ellen S. Carmody-U.S. Magistrate
*Printed name and title*

## AFFIDAVIT

1. I, Joseph A. Guzman, Deputy United States Marshal, the affiant herein, am a Criminal Investigator assigned to the Grand Rapids, Michigan office. I have been employed with the United States Marshals Service for over seven years. One of my main responsibilities is to investigate crimes involving individuals that are convicted sex offenders that have failed to register as required by 18 United States Code 2250, also known as the Adam Walsh Child Protection and Safety Act of 2006.

2. This affidavit is made in support of a criminal complaint charging Troy Lamar WALKER, with failure to register as a sex offender, in violation of 18 U.S.C. § 2250.

3. Deputy U.S. Marshal Guzman has been advised of the applicable statutes. On July 27, 2006, the Adam Walsh Child Protection and Safety Act of 2006 became effective. Included in the provisions of the Act is Section 2250 of Title 18, a federal felony provision for failing to register as a sex offender, which states in part:

§ 2250. Failure to register

(a) IN GENERAL.—Whoever—
   (1) is required to register under the Sex Offender Registration and Notification Act;
   (2)    (A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
          (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
   (3)    Knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act; shall be fined under this title or imprisoned not more than 10 years, or both.

(b) AFFIRMATIVE DEFENSE.— In a prosecution for a violation under subsection (a), it is an affirmative defense that—
   (1) uncontrollable circumstances prevented the individual from complying;
   (2) the individual did not contribute to the creation of such circumstances in reckless disregard of the requirement to comply; and
   (3) the individual complied as soon as such circumstances ceased to exist.

The Sex Offender Registration and Notification Act provides in part:

A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the

jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

Congress authorized the United States Marshal Service to act as the lead agency for the investigation and apprehension individuals who fail to register.

(a) IN GENERAL.—The Attorney General shall use the resources of Federal law enforcement, including the United States Marshals Service, to assist jurisdictions in locating and apprehending sex offenders who violate sex offender registration requirements. For the purposes of section 566(e)(1)(B) of title 28, United States Code, a sex offender who violates a sex offender registration requirement shall be deemed a fugitive.

Title 42 U.S.C. § 16941(a)

4. The information set forth below has come from either personal investigation or has been related to me personally by other law enforcement officers associated with this investigation.

5. Troy Lamar WALKER was convicted of Rape 2ND degree, on 09/05/2000, in the Superior Court of Wake County, North Carolina. The conviction requires registration for a minimum of 10 years according to North Carolina's Sex Offenders Registration statutes. Under North Carolina law, after 10 years WALKER could be eligible to petition the court to be removed from the registry. North Carolina's sex offender registries are maintained by each individual county's Sheriff Office. The registry in Harnett County is maintained in Lillington, North Carolina. According to the Harnett County Sex Offender Registry, WALKER last verified his address in the State of North Carolina on 4/13/2009 at the Harnett County Sheriff's Office.

6. WALKER first registered as a sex offender in North Carolina on 10/03/2005, in Orange County. On 4/13/2009, WALKER signed a Mandatory Verification of Information form in Harnett County. The form lists instructions on how to complete the form and states, "You must understand all your registration requirements" and "You must comply with the provisions in NCGS 14-208.5 through 14-208.45." Within these provisions is 14-208.9 which states, "If a person required to register intends to move to another state, the person shall report in person to the sheriff of the county of current residence at least three business days before the date the person intends to leave this State to establish residence in another state or jurisdiction. The person shall provide to the sheriff a written notification that includes all of the following information: the address, municipality, county, and state of intended residence."

7. On June 29, 2009, Peggy Meredith of the Harnett County Sheriff Office received a phone call from WALKER. WALKER told her that he was moving, but that he was still looking for a place and didn't know where he was moving to. Peggy Meredith stated this was the last contact her office had with WALKER. On July 2, 2009, after they could not verify an address for WALKER, the Harnett County Sheriff Office issued a felony warrant for WALKER charging him with failing to register as a sex offender.

8. On December 1, 2010, the U.S. Marshals in North Carolina received information from a confidential informant that WALKER was residing in Lansing, MI. The U.S. Marshals in North Carolina forwarded the information to the U.S. Marshals in Western Michigan. On 12/2/2010, U.S. Marshals and Michigan State Police Troopers arrested WALKER after he was involved in a traffic accident in Lansing, MI. Minutes before the traffic accident, WALKER had evaded arrest after U.S. Marshals and the Michigan State Police Troopers had attempted to arrest him.

9. On December 2, 2010, Deputy U.S. Marshal Joe Guzman interviewed William J. Brown who owns property at 1230 Willow Dr. in Lansing, MI. Mr. Brown said WALKER rented an apartment from him located at the 1230 Willow Dr. address. Mr. Brown stated WALKER lived at the apartment from approximately September 1, 2010 until approximately the middle of November of 2010. Mr. Brown also provided Deputy Guzman with a copy of a lease agreement signed by Mr. Brown and WALKER.

10. On December 6, 2010, Deputy U.S. Marshal Guzman received a copy of an employment application for WALKER from Eric Trader. Eric Trader is the general manager of the DSN Store located at the Meridian Mall in Okemos, MI. The three page application was signed by WALKER on September 7, 2010. Mr. Trader said WALKER worked for him for approximately a month starting in September of 2010.

11. On December 6, 2010 Deputy U.S. Marshal Guzman received a certified letter from the Michigan State Police Sex Offender Registry and Enforcement Section. The letter indicates the Michigan State Police Sex Offender Unit was unable to locate any record of WALKER registering as a sex offender in the State of Michigan. The letter was signed by Technician Melissa Marinoff.

12. On December 7, 2010, Deputy Marshal Guzman and Deputy Marshal Scott Masteller interviewed Susan McCurdy at 1217 Mary St. Apt#2 in Lansing, MI. Ms. McCurdy said she met WALKER online in 2009 and traveled to Virginia in October to meet him in person. Ms. McCurdy stated that WALKER traveled with her from Virginia to Lansing, MI in October of 2009. She said WALKER lived with her at 1217 Mary St. from October of 2009 until August of 2010 when he moved into his own apartment in Lansing.

13. On December 3, 2010, Deputy Marshal Brandon Taylor sent Deputy Marshal Guzman copies of WALKER's judgment and conviction from Wake County, North Carolina. He also sent a copy of WALKER's last sex offender verification form from the Harnett County Sheriff Office. The verification form was signed by WALKER on April 13, 2009.

14. On December 9, 2010, Deputy Guzman spoke with Sgt. David West of the Harnett County Sheriff Department. Sgt. West oversees the sex offender registry in Harnett County and said that WALKER has never made a petition to be removed from North Carolina's registry and is not eligible yet to make that petition.

15.  Your affiant submits that probable cause exists to charge TROY LAMAR WALKER with violation of 18 U.S.C. 2250, Sex Offender and Crimes Against Children Registry, also known as the Adam Walsh Child Protection and Safety Act of 2006, for failure to register as a sex offender in the State of Michigan after traveling from the State of North Carolina.

_____
Joseph A. Guzman, Affiant
United States Marshal Service


Subscribed and sworn to before me
this _____ day of December, 2010.


_____
Honorable Ellen S. Carmody
United States Magistrate Judge
Western District of Michigan